UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN Y.,[1]

                                        Plaintiff,           Case # 20-cv-6244-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

On May 2, 2016, Plaintiff Alan Y. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 12. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared with counsel at a hearing before Administrative Law Judge Jude B. Mulvey on November 20, 2018. Tr. 72. At the hearing, Plaintiff and a vocational expert testified. On December 21, 2018, the ALJ issued an unfavorable decision. Tr. 9. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 16, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.      District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.     Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2015, the alleged onset date.  Tr. 14.  At step two, the ALJ found that Plaintiff has the following severe impairments: asthma, diabetes mellitus, obesity, substance abuse, and post-traumatic stress disorder ("PTSD").  Tr. 15.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  *Id*.  The ALJ determined that Plaintiff maintained the RFC to perform unskilled work.  Tr. 18.  However, the ALJ found that Plaintiff had non-exertional and exertional limitations including that Plaintiff can perform work at medium level of exertion, as defined in 20 C.F.R. § 404.1567(c).  *Id*.  Plaintiff cannot work with respiratory irritants and can have no more than occasional interaction with the public, coworkers, and supervisors.  *Id*.

At step four, the ALJ found Plaintiff could perform past relevant work as a custodian.  At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, hand packager, mixer, and inspector.  Tr. 24.  As such, the ALJ found that Plaintiff was not disabled.

**II.    Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that: (1) the ALJ erred in failing to give controlling weight to treating psychologist, Elaine Rivas, Ph.D.; (2) the ALJ erred in evaluating Plaintiff's substance abuse impairment; and (3) ALJ erred in failing to examine new

and material evidence.  ECF No. 16 at 23, 30, 32.  Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."[4]  20 C.F.R. §§ 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons" for doing so.  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

The ALJ failed to apply the above factors when weighing Dr. Rivas's medical opinion.  Dr. Rivas started to notice Plaintiff was dealing with PTSD and Bipolar disorder in April 2011.  Tr. 608.  In her first medical source statement from September 2016, Dr. Rivas opined that Plaintiff had mild limitations in understanding and remembering simple instructions.  Tr. 607.  Dr. Rivas then opined Plaintiff had moderate limitations in the ability to carry out and make judgments on

---

[4] These regulations were applicable at the time Plaintiff filed his claim.

simple work-related decision.   Tr. 607.   Dr. Rivas also designated marked limitations in understanding, remembering, carrying out, and making judgments on complex work-related decisions.  Tr. 607. Dr. Rivas further opined that Plaintiff had marked limitations in interacting with the public and supervisors and extreme limitations in interacting with co-workers and responding to changes in a routine work setting.  Tr. 608.

In her January 2018 medical source statement, Dr. Rivas opined that Plaintiff had a mild limitation in understanding and remembering simple instructions and marked limitations in carrying out simple instructions, making judgments on simple work-related decisions, understanding and remembering complex decisions, carrying out complex instructions, and making judgments on complex work-related decisions.  Tr. 1159.  Dr. Rivas then opined that Plaintiff had a moderate limitation in interacting with the public and had marked limitations when interacting with supervisors, coworkers, and responding to changes in a routine work setting.  Tr. 1160.

In her last medical source statement from November 2018, Dr. Rivas opined that Plaintiff had moderate limitations in remembering locations and procedures, remembering short and simple tasks, carrying out repetitive instructions, making simple work-related decisions, interacting with the general public, setting realistic goals, being aware of hazards and taking necessary precautions, and traveling to unknown destinations.  Tr. 1685-86.  Dr. Rivas then opined Plaintiff had marked limitation in understanding detailed instructions, carrying out detailed instructions, maintaining attention and concentration for two straight hours, sustaining a routine without supervision, working with others without being distracted, completing a normal workday without interruptions, asking simple questions from supervisors, getting along with coworkers without distraction, maintaining socially appropriate behavior, responding appropriately to unexpected change at

work, and responding to expected change at work.  Tr. 1685-86.  Dr. Rivas wrote a letter—along with the November 2018 source statement—recommending that Plaintiff not engage in any sustained work activity.  Tr. 1688.  She opined that Plaintiff has gotten worse with his "chaotic" presentation since she was seeing him in 2016.  Tr. 1688.

The ALJ concluded that Dr. Rivas's medical source statements were not supported with clinical or diagnostic findings in the record.  Tr. 21.  The ALJ indicates that Dr. Rivas's treatment notes are also inconsistent with the medical source statements.  Tr. 22.  The ALJ points out that Dr. Rivas has opined that Plaintiff has shown no psychosis, has good eye contact, has been fully oriented, and that he has fair to good insight.  Tr. 22, 486, 592, 891, 1141, 1196, 1259.  Because of these perceived inconsistencies, the ALJ fails to apply any weight to Dr. Rivas's opinions.

But an analysis of the record demonstrates that Dr. Rivas's opinions *are* supported by the record.  Dr. Rivas saw Plaintiff on a biweekly basis from 2016 to 2018.  Tr. 1579, 1688.  During this time, Dr. Rivas consistently opined that Plaintiff had PTSD and Bipolar disorder due to his military experience.  Tr. 504, 508, 533, 608.  While the ALJ cites to Dr. Rivas's notes indicating that Plaintiff has good insight and full orientation, other portions of those same notes align with Dr. Rivas's medical source statements.  These notes include Plaintiff "awfulizing things," being overwhelmed, struggling with depression and negative self-concept, being restless, showing signs of stress, and some frustration.  Tr. 487, 592, 891, 1141, 1196, 1259.  Such assessments are consistent with Dr. Rivas's medical source statements.  That Plaintiff may show good insight and be fully oriented on some occasions does not shed light on how Plaintiff would fair in a work-related setting.

The ALJ's conclusion that, except for brief periods of relapse, Plaintiff's condition has remained stable is belied by Dr. Rivas's well-supported opinions.  For example, in November

2018, Dr. Rivas explained that Plaintiff has shown a worsening in mental health since 2016.  Tr. 1688.  "Cycles of improvement and debilitating symptoms of mental illness are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."  *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019).

In the January 2018 medical source statement, Dr. Rivas opined that she would "strongly recommend" that Plaintiff not engage in any sustained work activity.  Tr. 1688.  The ALJ reasoned that this statement is a conclusion that is reserved by the Commissioner.  *Snell v. Apfel*; 177 F.3d 128, 133 (2d Cir. 1999); 20 C.F.R. § 404.1527(d)(1) (2017).  A medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled, because it is the Commissioner's responsibility to determine whether a claimant meets the statutory definition of disability. *Cottrell v. Colvin*, 206 F. Supp. 3d 804, 809-10 (W.D.N.Y. 2016) (citing 20 C.F.R. § 404.1527(d)(1)).  But the ALJ must still give good reasons for refusing to credit a treating physician's opinion on an issue reserved to the Commissioner. *Newbury v. Astrue*, 321 F. App'x 16, 18 (finding that the district court erred when it held that, because the treating physician's opinion went to issues reserved to the Commissioner, the plaintiff was not entitled to an explanation of the reasons why the ALJ refused to credit the opinion).

In this case, while the ALJ does extensively address Dr. Rivas's medical notes and opinions, the ALJ does *not* provide good reasons for concluding that Dr. Rivas's assessments are not supported by clinical findings. Tr. 21.  In addition, the ALJ never actually gave any weight to Dr. Rivas's opinions.  The ALJ cited Dr. Rivas numerous times in her decision, but never assigned any weight to any of her opinions, leaving unclear which opinions the ALJ considered and how

much weight he assigned them.  Social Security Rulings 16-3p[5]; *Diaz v. Berryhill*, No. 3:17-CV-00735 (JCH), 2018 WL 4462366, at *8 (D. Conn. Sept. 18, 2018) ("[T]he court cannot determine whether the ALJ appropriately weighed [medical issue] because the ALJ failed to identify the weight . . . ."); *see also Morseman v. Astrue*, 571 F. Supp. 2d 390, 396 (W.D.N.Y. 2008) ("[ALJ]'s statement constitutes a medical standard authored by the ALJ and not supported by any medical evidence in the record . . . .")

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 16, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:  August 2, 2021
       Rochester, New York

                                                 _____
                                               HON. FRANK P. GERACI, JR.
                                               United States District Judge
                                             Western District of New York

---

[5] Social Security Ruling (SSR) 16-3p superseded SSR 96-7p with an effective date of March 28, 2016. Here, Plaintiff filed for Disability Insurance Benefits on May 2, 2016.  *Diaz* cites to SSR 96-7p because the claim in that case was filed before SSR 96-7p was superseded.  2018 WL 4462366, at *1.